IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02337-MEH

MICHAEL CRUZ,

    Plaintiff,

v.

FARMERS INSURANCE EXCHANGE,
TRUCK INSURANCE EXCHANGE,
FIRE INSURANCE EXCHANGE,
MID-CENTURY INSURANCE COMPANY, and
FARMERS NEW WORLD LIFE INSURANCE COMPANY,

    Defendants.

---

**ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge**

    Defendants have filed a Partial Motion to Dismiss. ECF 22. They argue that Count II of the Amended Complaint should be dismissed under Fed.. R. Civ. P. 12(b)(6), because under Colorado law, Plaintiff may not assert the tort of breach of the duty of good faith and fair dealing when a contract is terminated pursuant to a provision that permits such termination without cause. Plaintiff concedes that the Amended Complaint does not plausibly state a claim for the breach of the duty of good faith and fair dealing, but if given leave to amend, such a claim can be plausibly stated under the facts of this case. Because I believe the case presents a factual dispute regarding the manner in which the underlying contract was terminated, Defendants' motion should be denied, and Plaintiff should be granted leave to amend.

**BACKGROUND**

    Plaintiff and Defendant Farmers Insurance Exchange ("Farmers") were parties to a contract (the Agent Appointment Agreement, or "AAA"), under which Plaintiff worked as an independent

contractor insurance agent. On July 12, 2017, Plaintiff received written notice that Farmers was terminating his insurance agency relationship effective October 12, 2017. On October 14, 2019, Plaintiff filed his Amended Complaint (ECF 15) in this action asserting two claims: (1) a violation of 42 U.S.C. § 1981 on the basis of race; and (2) a state law tort claim for breach of the duty of good faith and fair dealing.

In response, Defendants filed a motion to dismiss, arguing primarily that Plaintiff's Amended Complaint did not plausibly assert the state tort claim, because Plaintiff included only conclusory allegations about the contract conferring discretion on Defendants and did not identify any specific contract provision containing such discretion. Plaintiff countered conceding Defendants' argument but asserted that this deficiency could be corrected through amendment of the Amended Complaint. It their reply, Defendants argue that any such amendment would be futile, because "the AAA allows either party to terminate it without cause and the duty of good faith and fair dealing simply does not apply." Reply 2.

## ANALYSIS

The standards for determining a motion under Fed. R. Civ. P. 12(b)(6) are adequately stated by Defendants and need not be repeated here. I agree that "Colorado state and federal courts have held that the implied covenant is inapplicable to a clause expressly permitting one party to terminate the contract without cause." *Eagle Sys. & Servs., Inc. v. Exelis Sys. Corp.*, No. 1:12-CV-00303-RBJ, 2015 WL 59315, at *3 (D. Colo. Jan. 2, 2015) (citing cases). The AAA has such a clause, paragraph C, which permits termination on three months written notice: "This Agreement terminates upon the death of the Agent and may be terminated by either the Agent or the Companies on three (3) months written notice." ECF 31-2, at 3. If this were the only clause asserted by Defendants in terminating the AAA, it would end the matter, and Plaintiff's tort claim would be dismissed. However, as

2

Defendants note, they also asserted a breach of the AAA in terminating Plaintiff: "In addition, we have the following bases for termination: paragraph J by failing to conform to normal good business practice and to all local, State, and Federal laws governing the conduct of the Companies and their Agents."[1] ECF 31-1, at 2. Paragraph J states, in relevant part:

> The Agent shall, as an independent contractor, exercise sole right to determine the time, place and manner in which the objectives of this Agreement are carried out, provided only that the Agent conform to normal good business practice, and to all State and Federal laws governing the conduct of the Companies and their Agents.

While the implied covenant of good faith and fair dealing may not be applied to an express provision permitting a party to terminate the contract without cause, Defendants' alternate language in the termination letter creates a fact issue concerning the nature of the termination.[2] Paragraph 92 of the Amended Complaint alleges that "Plaintiff fully performed his obligations under the contract." This allegation, and Defendants' invocation of a violation of Paragraph J of the AAA asserting that Plaintiff had not fully performed, creates a fact issue that cannot be resolved on a motion to dismiss. Defendants had no obligation to give a reason for terminating the AAA but voluntarily chose to do so. *See W. Convenience Stores, Inc. v. Suncor Energy (U.S.A.) Inc.*, 970 F. Supp. 2d 1162, 1185 (D. Colo. 2013) ("[T]he parties essentially agreed that Suncor did not have to articulate any reason to justify its decision to revoke access; it could do so for a good reason, a bad reason, or no reason whatsoever, without the implied covenant of good faith and fair dealing interfering."). My research uncovered no case in Colorado or in the federal courts applying Colorado law in which a contract

---

[1] I note that the AAA also has a clause stating that "[i]f the provisions of this Agreement are breached by either the Agent or the Companies, the Agreement may be terminated by the other party on thirty (30) days written notice." AAA paragraph C (ECF 31-2 at 3). This creates another potential fact issue regarding whether Defendants were citing one termination provision (the three months notice provision) but in reality relying on another.

[2] Defendants' unsupported assertion that "Farmers [reference of] Paragraph J in the termination notice is irrelevant" (Reply 4) does not persuade the Court to conclude differently.

contained a termination at will clause; the terminating party stated a "for cause" reason for terminating the contract; and the terminated party contended, as here, that the stated reason was pretext for an illegal reason (here, race).

## **CONCLUSION**

At least at this pleading stage, I find dismissal of Count II inappropriate. Defendants' Partial Motion to Dismiss (ECF 22) is **denied**. Plaintiff shall file a status report on or before March 23, 2020 informing the Court whether he wishes to proceed with the proposed "Second Amended Complaint" attached to his response brief or submit a modified proposed Second Amended Complaint in accordance with this order and D.C. Colo. LCivR 15.1(a).

Dated at Denver, Colorado this 19th day of March, 2020.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge